IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASMINE WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| WINNIE COUTURE COMPANY., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Jasmine Watkins ("Plaintiff"), by and through undersigned counsel, and files this Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against Defendant Winnie Couture Company, and shows the Court as follows:

## **JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Chris Lee, 2859 Piedmont Rd., NE, Atlanta, Georgia 30305.

## FACTUAL ALLEGATIONS

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

7.

Upon Plaintiff's request, the EEOC issued a "Notice of Right to Sue" on Plaintiff's EEOC Charge, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

9.

Defendant is now, and at all times relevant hereto, has been an employer subject to Title VII.

10.

Plaintiff began her employment with Defendant, on or about April 28, 2022, as a Regional Sales Manager.

11.

On Plaintiff's first day on the job, Plaintiff informed Defendant that she was pregnant. In particular, Plaintiff told the National Sales Director, Maxine, along with a store manager, Chandler.

12.

After telling Defendant she was pregnant, she was terminated within a day.

13.

Any reason given for Defendant's termination of Plaintiff is pretext for unlawful discrimination, based on gender (pregnancy), in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

14.

As a result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIMS FOR RELIEF

## COUNT I

### TITLE VII GENDER DISCRIMINATION (PREGNANCY)

17.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

18.

Plaintiff is a member of a protected class, i.e., she was a pregnant woman.

19.

Title VII, as amended, prohibits Defendant from discriminating against Plaintiff based on pregnancy.

20.

Defendant violated Plaintiff's rights under Title VII by terminating her because of her protected characteristic. Plaintiff's gender (pregnancy) was a determinative factor in Defendant's decision to terminate Plaintiff's employment.

21.

Defendant intentionally discriminated against Plaintiff, on the basis of Plaintiff's gender (pregnancy), in violation of Title VII.

22.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

23.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith

24.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff's federally protected rights entitling Plaintiff to punitive damages.

25.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorneys' fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of hire, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted, this 9th day of September, 2022.

          **BARRETT & FARAHANY**

          /s/ V. Severin Roberts
          V. Severin Roberts
          Georgia Bar No. 940504
          Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com